# Supreme Court of Florida

_____

No. SC2024-0030

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – MISCELLANEOUS PETITION.**

May 9, 2024

PER CURIAM.

The Florida Bar has filed a petition proposing amendments to Rules Regulating The Florida Bar 1-3.2 (Membership Classifications), 1-3.3 (Official Bar Name and Contact Information), 1-3.7 (Reinstatement to Membership), 1-7.3 (Membership Fees), 11-1.8 (Continuation of Practice Program After Completion of Law School Program or Graduation), and 20-3.1 (Requirements for Registration). The Bar also proposes amendments to Bylaw 2-3.10 (Meetings) and to Chapter 8 (Lawyer Referral Rule).

The Florida Bar's Board of Governors approved the proposed amendments, and the Bar published the amendments for comment in *The Florida Bar News*. No comments were received.

Having considered the Bar's petition, we amend the Rules Regulating The Florida Bar, essentially as proposed by the Bar but with minor modifications.

The amendments provide that only members of the Bar in good standing may elect inactive status, and that the Bar can waive or extend continuing legal education or basic skills course requirements upon a showing of hardship. The amendments also clarify that Bar members must practice under their official Bar names and must notify the Bar of any other states where they are licensed to practice. In addition, the amendments allow graduates of accredited law schools who have applied to the Bar and received their initial clearance letters from the Florida Board of Bar Examiners to work for 18 months for the same entities and under the same restrictions as students from law school practice programs. The Bar's petition would have set the maximum term for this work provision at 12 months, but we modify this number to 18 months in light of recent amendments whereby we expanded the maximum term to 18 months for practice program students. *See In re Amends. to Rule Regulating Fla. Bar 11-1.8*, 380 So. 3d 441 (Fla. 2024).

The amendments also update and restructure chapter 8, which addresses lawyer referral services. In particular, the amendments prohibit participation in a lawyer referral service program if the Bar member is facing disciplinary proceedings or has been disciplined in the past 5 years (10 years for discipline resulting in suspension or disbarment).

Next, the amendments add to rule 20-3.1 the option for a person to become a Florida Registered Paralegal via an attestation of paralegal work experience from an employing or supervising attorney—an option that was originally included in the rule but was initially intended only as a temporary measure.

Finally, several technical and stylistic revisions are made throughout the rules to improve clarity and promote internal consistency and consistency with other rulesets.

Accordingly, the Rules Regulating The Florida Bar are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 8, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

F. Scott Westheimer, President, Roland Sanchez-Medina, Jr., President-elect, Rosalyn Sia Baker-Barnes, President-elect Designate, Elizabeth Clark Tarbert, Director, Lawyer Regulation, and Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida,

for Petitioner

## APPENDIX

## RULE 1-3.2.  MEMBERSHIP CLASSIFICATIONS

**(a)**  [No change]

**(b)  Inactive Members.**  Inactive members of The Florida Bar means only those members who have properly elected to be classified as inactive in the manner elsewhere provided. A member may elect inactive status only if the member is currently in good standing.

Inactive members will:

(1)– (8)    [No change]

Failure of an inactive member to comply with all these requirements is cause for disciplinary action.

An inactive member may, at any time, apply for reinstatement to active membership in good standing to become eligible to practice law in Florida in the manner provided in rule 1-3.7.

## RULE 1-3.3.  OFFICIAL BAR NAME AND ~~CONTACT~~REQUIRED INFORMATION

**(a)  Designation.**  Each member of The Florida Bar must designate an official bar name, mailing address, business telephone number, and business e-mail address.  The official bar name may not be a fictitious name.  If the physical location or street address is not the principal place of employment, the member must also provide an address for the principal place of employment.  The Florida Bar may excuse a bar member from the requirement of providing an e-mail address if the bar member has been excused by the court from e-service or the bar member demonstrates that the bar member has no e-mail account and lacks Internet service at the bar member's office.

**(b) Notice of Admission to Other Jurisdictions.**  Each member of The Florida Bar must notify The Florida Bar of all other states, including the District of Columbia, in which that member is licensed to practice law.

**(c)  Practice Under Official Bar Name.**  A member must practice only under the member's official bar name.  This rule does not prohibit a lawyer from using a law firm name that does not include the lawyer's official bar name in compliance with other Rules Regulating The Florida Bar.

**(bd)  Changes.**  Each member must promptly notify the executive director of any changes in any information required by this rule.  ~~The official bar name of each member of The Florida Bar must be used in the course of the member's practice of law.~~ Members may change their official bar name <u>only</u> by sending a request to the Supreme Court of Florida.  The court must approve all official bar name changes.

## RULE 1-3.7.  REINSTATEMENT TO MEMBERSHIP

**(a)**  [No change]

**(b)  Petitions Required.**  A member seeking reinstatement must file a petition with the executive director setting forth the reason for inactive status, retirement, or delinquency and showing good cause why the petition for reinstatement should be granted.  The petitioner must include all required information on a form approved by the board of governors.  The petition must be accompanied by a nonrefundable reinstatement fee of $150 and payment of all arrearages unless adjusted by the executive director with concurrence of the executive committee for good cause shown.  Inactive members are not required to pay the reinstatement fee.  No member will be reinstated if, from the petition or from investigation conducted, the petitioner is not of good moral character and morally fit to practice law or if the member is delinquent with the continuing legal education or basic skills course requirements<u>, except that the executive director has discretion to waive or extend the time period to complete continuing legal education or basic skills course requirements on a showing of undue hardship</u>.

If the executive director is in doubt as to approval of a petition, the executive director may refer the petition to the board of governors for its action. Action of the executive director or board of

governors denying a petition for reinstatement may be reviewed on petition to the Supreme Court of Florida.

**(c) – (g)**      [No change]

## RULE 1-7.3.  MEMBERSHIP FEES

**(a)  Membership Fees Requirement.**  On or before July 1 of each year, every member of The Florida Bar must pay annual membership fees to The Florida Bar in the amount of $265 per annum, except those members who have retired, resigned, been revoked or disbarred, or been classified as inactive members due to incapacity under rule 3-7.13chapter 3.  Every member of The Florida Bar must pay the membership fee and concurrently file a fee statement with any information the board of governors requires.

**(b) – (f)**      [No change]

## BYLAW 2-3.10.  MEETINGS

The board of governors will hold 6 regular meetings each year, at least 1 of which will be held in Tallahassee.  The president-elect selects the places and times of the meetings to be held during the president-elect's term as president, subject to the approval of the board of governors.  Special meetings will be held at the direction of the executive committee or the board of governors.  Any member of The Florida Bar in good standing may attend meetings at any time except when the board is in executive session concerning disciplinary matters, personnel matters, member objections to legislative positions of The Florida Bar, or receiving attorney-client adviceas defined in the board of governors standing board policies. MinutesThe executive director or executive director's designee must take and maintain minutes of all meetings will be kept by the executive director.

## RULE 8-1.1.  STATEMENT OF POLICY AND PURPOSES

Every citizen of the state should have access to the legal system. A person's access to the legal system is enhanced by the assistance of a qualified lawyer.  Citizens often encounter difficulty in identifying and locating lawyers who are willing and qualified to

consult with them about their legal needs.  ~~To this end bona~~Bona fide not-for-profit state and local bar associations are uniquely qualified to provide lawyer referral services under supervision by The Florida Bar for the benefit of the public.  ~~It is the policy of~~ The Florida Bar's policy is to support the establishment of local lawyer referral services and to encourage those services to: ~~(a)~~ make legal services readily available to the general public through a referral method that considers the client's financial circumstances, spoken language, geographical convenience, and the type and complexity of the client's legal problem; ~~(b)~~ provide information about lawyers and the availability of legal services that will aid in the selection of a lawyer; ~~(c)~~ inform the public when and where to seek legal services and provide an initial determination of whether those services are necessary or advisable; and ~~(d)~~ provide referral to consumer, government, and other agencies when the individual's best interests so dictate.

## RULE 8-2.1.  REQUIREMENTS FOR ESTABLISHING A LAWYER REFERRAL SERVICE SPONSORED BY A LOCAL BAR ASSOCIATION

The Board of Governors of The Florida Bar may adopt ~~such~~ regulations ~~as it deems desirable~~ governing the establishment, operation, and termination of lawyer referral services operated by a local bar association.

~~No~~A local bar association ~~shall~~may operate a lawyer referral service ~~except upon application to and~~only on approval by ~~the~~The Florida Bar Board of Governors ~~of The Florida Bar~~.  ~~No lawyer referral service shall be approved by The Florida Bar unless such~~A lawyer referral service sponsored by a local bar association must be ~~is~~ offered primarily for the benefit of the public and ~~unless such lawyer referral service is~~ established and operated by a nonprofit organization exempt from federal taxation under section 501(c)(3), 501(c)(4), or 501(c)(6) of the Internal Revenue Code of 1986.

## RULE 8-2.2.  LOCAL BAR ASSOCIATION SPONSORED LAWYER REFERRAL BYLAWS

The bylaws or rules and regulations that govern an existing lawyer referral service or the proposed bylaws or rules and regulations that will govern a proposed lawyer referral service must include the following.

**(a)  Proof of Professional Liability Insurance.**  All members of the lawyer referral service must maintain and provide proof to the sponsoring local bar association of professional liability insurance in the minimum amount of $100,000, unless the proposed lawyer referral service itself carries professional liability insurance in an amount not less than $100,000 per claim or occurrence.

**(b)  Membership Restricted to Geographic Area.**  All members of the lawyer referral service must maintain an office in the geographic area served by the proposed lawyer referral service.

**(c) Membership Eligibility.**  Membership in the lawyer referral service is limited to members of The Florida Bar in good standing with no pending disciplinary matters in which probable cause has been found by any court or other authorized disciplinary agency of any jurisdiction.

(1) Membership will be denied if, at the time of the initial application, the applicant:

(A) has a disciplinary matter with a finding of probable cause pending in any court or other authorized disciplinary agency of any jurisdiction;

(B) has received within the past 5 years:

(i) any discipline by any court or other authorized disciplinary agency of any jurisdiction; or

(ii) any judgment, conviction (whether or not adjudicated), or determination in a court or administrative proceeding of the commission of any act of false statement, fraud, dishonesty, or misrepresentation;

(C) has received within the past 10 years:

(i) any determination by any court or other authorized disciplinary agency of any jurisdiction resulting in suspension; or

(ii) disciplinary revocation, disciplinary resignation, disbarment, or their equivalents of the applicant's license to practice law; or

(D) is currently on probation with any court or other authorized disciplinary agency of any jurisdiction, in which case the lawyer referral service will not consider the application until the lawyer has successfully completed the probationary period.

(2) The lawyer referral service will suspend membership of a member if probable cause is found by any court or other authorized disciplinary agency of any jurisdiction.

(3) The lawyer referral service will remove a member if the member has:

(A) willfully failed to abide by the bylaws or rules of the proposed lawyer referral service;

(B) signed any application or other certification or report to the proposed lawyer referral service that is found to be untrue in any material respect; or

(C) become ineligible to provide the legal services for which persons are referred.

## RULE 8-2.~~2~~3.  CONTENTS OF APPLICATION

~~An application by a~~A local bar association ~~to the Board of Governors of The Florida Bar for authority~~seeking approval to operate a lawyer referral service under this chapter must ~~be in writing filed~~file a written application with The Florida Bar ~~the executive director.  The application must ~~containing the following information:

**(a)** ~~Statement of Benefits.~~ ~~A~~a statement of the benefits to the public to be achieved by ~~the implementation of~~implementing the lawyer referral service~~.~~;

**(b)** ~~Proof of Nonprofit Status.~~ ~~Proof~~proof that the referral service is established and operated by a nonprofit organization exempt from federal taxation under section 501(c)(3), 501(c)(4), or 501(c)(6) of the Internal Revenue Code of 1986~~.~~;

**(c)** ~~Submission and Content of Bylaws.~~ ~~The~~the proposed bylaws or rules and regulations that will govern the lawyer referral service~~; must include the following regulations:~~

~~(1) All members of the proposed referral service must provide proof of professional liability insurance in the minimum amount of $100,000 unless the proposed lawyer referral service itself carries professional liability insurance in an amount not less than $100,000 per claim or occurrence.~~

~~(2) The proposed lawyer referral service will accept membership applications only from lawyers who maintain an office in the geographic area served by the proposed lawyer referral service.~~

~~(3) The proposed lawyer referral service agrees to maintain an alphabetical member list, updated quarterly, with The Florida Bar. In turn, The Florida Bar will notify the service of any unresolved finding of probable cause against a member. When probable cause has been found at the local grievance committee level, and the lawyer referral service has been notified, the service must hold referral to the member in question until the matter is resolved. If the member is in good standing with The Florida Bar and eligible to practice law in Florida after the resolution of the matter, then the member may be returned to the service.~~

**(d)** ~~Estimated Number of Panel Members.~~ ~~The~~the estimated number of lawyers who will participate in the service~~.~~;

**(e)** ~~Number of Local Lawyers.~~ ~~The~~the number of lawyers in the area~~.~~;

**(f) Statement of Need.** ~~A~~a ~~statement of the condition that evidences~~demonstration of a need for the service in the area~~.~~;

**(g)** ~~Geographic Operational Area.~~ ~~The~~the geographic area in which the proposed referral service will operate~~.~~;

**(h)** ~~Statement of Operation.~~ ~~A~~a statement of how the lawyer referral service will be conducted~~.~~;

**(i)** ~~Statement of Fees.~~ ~~A~~a statement of fees to be charged by the lawyer referral service, including, but not limited to, fees charged by the referral service to members of the public using the service and fees charged by the referral service or remitted to the referral service by member lawyers~~.~~;

**(j)** ~~Statement of No Discrimination.~~ ~~A~~a statement that the lawyer referral service will be open for referral to the members of the public without regard to race, ~~sex,~~ ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, ~~or~~ socioeconomic status, employment, or physical characteristic~~.~~; and

**(k)** ~~Statement of No Discrimination in Local Bar Membership.~~ ~~A~~a statement that the local bar association is representative of the profession in the area of the service and is open to all members of the profession on an equal basis.

## RULE 8-2.3<u>4</u>. APPROVAL OF APPLICATION

The board of governors may approve or disapprove the application to operate a lawyer referral service or it may ~~call for~~require additional information ~~upon which to base its decision~~. ~~No lawyer referral service shall be commenced by or on behalf of a local bar association until approval thereof has been communicated in writing from the Board of Governors of The Florida Bar~~The board of governors' written decision will be provided to the applicant.

## 8-3.  SUPERVISION AND REPORTING REQUIREMENTS

## RULE 8-3.1.  SUPERVISION

The Florida Bar must actively supervise the operation and conduct of all lawyer referral services established under this chapter at no charge to the local bar association or its lawyer referral service.

## RULE 8-3.~~1~~2.  ~~SUPERVISION AND~~ REPORTING REQUIREMENTS

~~Any lawyer referral service approved by The Florida Bar and operated by a local bar association shall submit 3 quarterly reports and an annual report to The Florida Bar.  The reports shall contain:~~

~~**(a)**  a statement of the sources of income by category and amount;~~

~~**(b)**  a statement of expenditures by category and amount;~~

~~**(c)**  the number of attorneys who were members of the lawyer referral service for the reporting period and special panels, if any;~~

~~**(d)**  the number of inquiries received by the referral service from members of the public during the reporting period;~~

~~**(e)**  the number of referrals for legal services made by the service during the reporting period;~~

~~**(f)**  the number of referrals for nonlegal services made by the service during the reporting period;~~

~~**(g)**  a statement of the operation of the lawyer referral service, including the number of personnel employed and the means by which referrals are made by the service; and~~

~~**(h)**  a statement of changes, if any, to the bylaws and regulations governing the lawyer referral service.~~

~~The annual report shall also contain a proposed budget for the next year and a statement of any material changes in the operation~~

of the lawyer referral service since the filing of the initial application under rule 8-2.2 above.

**(a) Quarterly Reports.** Any lawyer referral service approved by The Florida Bar and operated by a local bar association must submit quarterly reports to The Florida Bar containing:

(1) a statement of the sources of income by category and amount;

(2) a statement of expenditures by category and amount;

(3) the number of lawyers who were members of the lawyer referral service for the reporting period and special panels, if any;

(4) the number of inquiries received by the referral service from members of the public during the reporting period;

(5) the number of referrals for legal services made by the service during the reporting period;

(6) the number of referrals for nonlegal services made by the service during the reporting period;

(7) a statement of the operation of the lawyer referral service, including the number of personnel employed and the means by which referrals are made by the service; and

(8) a statement of changes, if any, to the bylaws and regulations governing the lawyer referral service.

**(b) Annual Report.** Any lawyer referral service approved by The Florida Bar and operated by a local bar association must submit an annual report to The Florida Bar that contains the information in the quarterly reports above plus a proposed budget for the following year and a statement of any material changes in the operation of the lawyer referral service since the filing of the initial application or the immediate past annual report, whichever is later.

**(c) Disciplinary History Request for New Applicants.** Any lawyer referral service approved under this chapter must notify The

- 14 -

<u>Florida Bar in the manner specified by the bar of each new applicant and obtain that applicant's disciplinary history before admitting the applicant to membership.</u>

**(d) <u>Notice of Removal or Resignation of Panel Members.</u>** <u>Any lawyer referral service approved under this chapter must notify The Florida Bar in the manner specified by the bar of each member who is removed from or voluntarily stops participation with the approved lawyer referral service.</u>

~~The Florida Bar shall actively supervise the operation and conduct of all lawyer referral services established under this chapter and may require such other information as it deems necessary to determine the benefits of such service to the public and the achievement of the policies stated herein. The Florida Bar shall not make any charge to the local bar association or its lawyer referral service for such supervision.~~

## RULE 8-4.1. REVOCATION

~~Upon good cause shown, the~~<u>The</u> board of governors may revoke the authority of any bar association to operate a lawyer referral service <u>for good cause. Good cause includes, but is not limited to, failure to comply with any requirements of this chapter.</u>

## RULE 8-5.1. GENERALLY

~~The staff of~~ The Florida Bar Lawyer Referral Service~~, as well as~~ <u>and any</u> local bar association~~s with a~~ lawyer referral service approved under ~~rule 8-2.1~~<u>this chapter</u>, including their directors, officers, lawyer referral service committees, and staff, have absolute immunity from civil liability for all acts in the course of their official duties ~~in furtherance of~~<u>under</u> this chapter.

## RULE 11-1.8. ~~CONTINUATION OF PRACTICE~~ PROGRAM ~~AFTER COMPLETION OF LAW SCHOOL PROGRAM OR GRADUATION~~

**(a) Certification.** A law student at an American Bar Association-approved Florida law school who has ~~filed an application~~<u>applied</u> for admission to The Florida Bar, received an initial clearance letter as to character and fitness from the Florida

Board of Bar Examiners, completed a law school practice program awarding a minimum of 3 semester credit hours or the equivalent or requiring at least 200 hours of actual participation in the program, and ~~had certification withdrawn by the~~whose law school dean has withdrawn certification for ~~by reason of successful completion of~~ the program ~~or graduated from law school following successful completion of the program~~ may make appearances for any of the same supervisory authorities under the same circumstances and restrictions that were applicable to students in law school programs under this chapter if the supervising lawyer:

> (1) – (3)   [No change]

**(b)  ~~Graduates of Non-Florida Law Schools.~~**  ~~A graduate of an American Bar Association-approved non-Florida law school may qualify for continuation in the practice program if the graduate has filed an application for admission to The Florida Bar, received a letter of initial clearance as to character and fitness from the Florida Board of Bar Examiners, and has successfully completed a clinical program in law school that met the definition of a law school practice program under rule 11-1.2 that awarded a minimum of 3 semester hours or the equivalent or required at least 200 hours of actual participation in the program.~~

**(b) Certification of Law School Graduates.** A graduate of an American Bar Association-approved law school who has filed an application to The Florida Bar and received an initial clearance letter as to character and fitness from the Florida Board of Bar Examiners may appear for the maximum term of certification of 18 months from graduation for the same entities and under the same restrictions that apply to students in law school practice programs under this chapter if the supervising lawyer:

> (1) files a certificate of the dean of the law school, or a person designated by the dean, that the applicant graduated from law school on the date stated in the certificate;

> (2) files the Florida Board of Bar Examiner's initial clearance letter of the applicant as to character and fitness; and

- 16 -

(3) further certifies that the lawyer assumes the duties and responsibilities of the supervising lawyer as provided by other provisions of this rule.

**(c) – (e)**      [No change]

**RULE 20-3.1.  REQUIREMENTS FOR REGISTRATION**

In order to be a Florida Registered Paralegal under this chapter, an individual must meet 1 of the following requirements.

**(a) – (b)**      [No change]

**(c)  ~~Grandfathering Reapplication~~Designation by Attestation**. ~~A paralegal who was registered under the grandfathering provision on or prior to March 1, 2011, who resigns or whose registration is revoked may reapply based on work experience alone. The paralegal must provide work experience as defined elsewhere in these rules for 5 of the 8 years immediately preceding the date of reapplication~~A person who does not meet the requirements of subdivisions (a) or (b) may become a Florida Registered Paralegal by meeting the following requirements:

(1)  providing attestation from an employing or supervising lawyer on a form approved by The Florida Bar that the person has paralegal work experience as defined elsewhere in these rules for 5 of the 8 years immediately preceding the date of the attestation and a statement of proficiency describing the applicant's work experience as a paralegal; and

(2)  submitting at the time of the application proof that the applicant has completed the following continuing education requirements within the prior 3 years from the date of the application:  30 hours of general continuing education including 10 hours of ethics/professionalism, and 3 hours of technology. Acceptable courses include those approved for credit by The Florida Bar, NALA, or the NFPA.